Opinion by
Mr. Justice Day.
Plaintiff in error will be referred to as plaintiff or by name; defendant in error as defendant or the Association. By writ of error plaintiff seeks to reverse a judgment of the trial court which approved payment of the proceeds of a benefit certificate (death benefit) to one Christine Williams as beneficiary instead of to plaintiff who claims as beneficiary.
Plaintiff and Christine Williams are nieces of Simon Yutmeyer who was a member of and the assured in a benefit certificate issued by the defendant. In 1947 Yutmeyer named Christine Williams beneficiary under the certificate. On August 11, 1950, at the request of plaintiff, in whose home he was then living, Yutmeyer was examined by a medical doctor and found to be suffering from a mental disorder of “senile psychosis” and was “legally mentally incompetent.” The doctor recommended the appointment of a commission to arrange for a conservator. Plaintiff filed a verified complaint in the county court of the City and County of Denver on August 23, 1950, alleging, inter alia, that Simon Yutmeyer “is a feeble-minded adult unable to care for himself or his property and prays that inquiry be had as provided by law.” On September 5, 1950, a hearing was *363 duly held wherein plaintiff was the only witness. The commission found Yutmeyer to be “by reason of old age, disease, weakness of mind, * * * incapable, unassisted, to properly manage and take care of himself or his property.” On the same day plaintiff’s petition for letters of conservatorship was granted and letters issued to plaintiff.
On September 8, 1950, the Association received by mail an undated form signed by Simon Yutmeyer requesting a change of beneficiary from Christine Williams to the plaintiff. The request was duly filed and noted on the records of the defendant Association, which was unaware of the mental state of Mr. Yutmeyer or of the court proceedings in that behalf until after Simon Yutmeyer died in June 1956. Christine Williams and the plaintiff each demanded payment of the full amount due under the certificate. The defendant determined that the purported change of beneficiary of September 1950 was invalid because at the time of its execution Simon Yutmeyer had been adjudged a mental incompetent; that Christine Williams was the beneficiary, and made full payment of $1000.00 to her in February 1957.
The matter was tried to the court on stipulated facts and the testimony of one witness for plaintiff. The trial court found that Simon Yutmeyer was mentally incompetent when he attempted to make the plaintiff Crain his beneficiary, and decreed that under the circumstances shown Simon Yutmeyer was incompetent to change the beneficiary on said benefit certificate. Judgment was entered for the defendant and the complaint dismissed.
In determining the issues, the trial court relied in part upon the editor’s summary in 105 A.L.R., at page 951:
“It is clearly the general, if not universal, rule that if at the time he attempted to change the beneficiaries under an insurance policy, the insured was mentally incompetent, such attempted change is ineffective; and the *364 original beneficiary has such an interest in the proceeds as will entitle him to avoid the change and recover under the policy.”
The above is a correct statement of the law applicable to the facts of this case. Findings of the trial court, supported by competent evidence, are binding on review by writ of error unless so manifestly against the weight of the evidence as to compel a contrary conclusion. Citation of authorities to this rule in Colorado is no longer necessary. The record clearly supports the conclusion of the trial court, and the judgment is accordingly affirmed.
Mr. Justice Moore and Mr. Justice Sutton concur.